```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**DERRICK ROBERTS,**

    **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 1:22-00235**

**JON NIX, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Motion to Remand. (ECF No. 6). For the reasons set forth below, the motion to remand is **GRANTED**.

### I. Background

This civil action, was originally filed in the Circuit Court of McDowell County, West Virginia, on or about July 8, 2021, against defendants Jon Nix, Active Resources, Inc., JHJN Resources, LLC, Ridge Resources, LLC, Gary Corns, and Chris Halouma. The First Amended Complaint was filed on May 13, 2022. This case arises out a series of coal-related business transactions between plaintiff and defendants. Plaintiff asserts claims for fraud (Count I); breach of contract (Count II); Tortious Interference with Contractual Relations (Count III); and Abandonment (Count IV).

Almost a year after the original complaint was filed, defendants removed the case to this court based upon diversity of citizenship. Defendants contend that only after the First

Amended Complaint was filed were they able to determine the amount in controversy exceeded $75,000.00.  They also contend that "[t]he parties of this action are citizens of different states, and no defendants are West Virginia residents."  ECF No. 1 at 4.

Plaintiff has moved to remand the case to state court.  He argues that, notwithstanding the allegation in the complaints that defendant Gary Corns "resides in Tennessee," see First Amended Complaint ¶ 6, Corns is actually a resident of West Virginia.  According to plaintiff, the forum defendant rule bars removal.  In response, defendants argue that plaintiff is stuck with his allegation that Corn is a Tennessee resident and that, in any event, he is fraudulently joined.

## II.  Standard of Review

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

2

Case 1:22-cv-00235   Document 21   Filed 09/21/22   Page 3 of 8 PageID #: 1804

Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate.  Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  "The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction."  Robb Evans & Assoc., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010).  Therefore, the removing defendant bears the burden of establishing that removal is appropriate.  Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D.W. Va. 1996); see also Zoroastrian Center and Darbb-E-Mehr fo Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York, 822 F.3d 739, 748 (4th Cir. 2016) (Removing party "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse."). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Removal jurisdiction is subject to certain restrictions. According to 28 U.S.C. § 1441(b):

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3

The last sentence of § 1441(b) is what is commonly referred to as "the forum defendant rule." Phillips Constr., LLC v. Daniels Law Firm, PLLC, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015). The forum defendant rule "confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state." Id. (internal citation and quotation omitted).

> The forum defendant rule exists due to the basic premise behind diversity jurisdiction itself. Section 1332 jurisdiction is designed as a protection for out-of-state litigants from possible bias in favor of in-state litigants in state court. Removal based upon diversity serves this purpose in that an in-state plaintiff may not utilize her position as master of the case to keep an out-of-state defendant in state court in order to take advantage of local bias. However, the protection upon which removal based upon diversity is premised is not an issue when an out-of-state plaintiff chooses to bring[ ] a suit in the state where the defendant is a citizen. Therefore, the forum defendant rule exists to allow the plaintiff to retain a certain amount of control over her case when such concerns about local bias in her favor are not at issue.

Id. (quoting Councell v. Homer Laughlin China Co., 823 F. Supp. 2d 370, 379 (N.D.W. Va. 2011)).

### III. Analysis

"[T]he Supreme Court has consistently held . . . state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, . . . and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998). Although "a removing defendant need not conclusively

establish domicile, [ ] the record must show more than naked averments of citizenship." Scott v. Cricket Comms., LLC, 865 F.3d 189, 195 (4th Cir. 2017). As the United States Court of Appeals for the Fourth Circuit has made clear, "as courts of limited jurisdiction, we are constitutionally prohibited from inferring argumentatively that a person's residency is her domicile." Id.

In support of removal, defendants stated that

> The parties of this action are citizens of different states, and no defendants are West Virginia residents. Plaintiff admits that he is a citizen of Virginia. Ex. 1, ¶ 1.[1] Defendant John Nix is alleged to be a resident of Tennessee. Ex. 1, ¶ 2. Defendant Active Resources, Inc. is alleged to be a Tennessee corporation with all its officers all residents of Tennessee. Ex. 1, ¶ 3.[2] Defendant JHJN Resources, LLC is alleged to be a member managed LLC with 100% of its members in Tennessee. Ex. 1, ¶ 4.[3] Defendant Ridge Resources, LLC, is alleged to be a member managed LLC with 100% of its members in Tennessee. Ex. 1, ¶ 5.[4] Defendant Gary Corns is alleged to be a resident of

---

[1] He does not. Plaintiff states that he "is an individual residing at all times pertinent hereto in the Commonwealth of Virginia." FAC at ¶ 1.

[2] Actually, the FAC alleges that the President of Active Resources is Nix and that Corns and Halouma are employees, as well as Tennessee residents. FAC at ¶ 3.

[3] The FAC alleges that JHJN Resources, LLC is a West Virginia limited liability corporation whose members include Jon Nix. Jon Nix is listed as the Manager of JHJN Resources on the West Virginia Secretary of State's business entity website. FAC at ¶ 4.

[4] The FAC alleges that Ridge Resources, LLC is a West Virginia limited liability corporation whose members include Jon Nix. FAC at ¶ 5.

    Tennesse.  Ex. 1, ¶ 6.  Defendant Gary Corns is alleged to be a resident of Tennessee.  Ex. 1, ¶ 7.[5]

ECF No. 1 at 4.

    The Notice of Removal does not establish defendants' right to remove.  Plaintiff's allegations, upon which defendants rely, do not provide any information from which the court can determine the citizenship of the parties.  As the authorities make clear, residence and citizenship are not the same thing.  Nor would it be proper to infer the parties' citizenship based upon their alleged residences especially where, as here, there is a dispute about Corns.  Defendants argue that plaintiff is stuck with the allegation he made in his complaint.  However, defendants themselves have called the veracity of that allegation into question as their Answer denies the allegations regarding Corns' residence in plaintiff's complaint.  See ECF No. 4 at ¶ 6.[6]

    The Notice of Removal also states:

> For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as JHJN Resources, LLC and Ridge Resources, LLC) is determined by the citizenship of all of its

---

[5] Paragraph 7 of the FAC actually states that "Chris Halouma is an individual who at all pertinent times hereto resides in Tennessee."  FAC at ¶ 7.

[6] Corns does not disclose his citizenship.  "[T]he Court cannot determine that it has subject matter without knowledge of the citizenship of the parties."  Smith v. Westminster Management, LLC, 292 F. Supp. 3d 645, 648 (D. Md. 2018) (defendants' failure "to fully disclose their citizenship" meant they were unable to carry their burden to establish subject matter jurisdiction).

>   members.  Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir.2004).  Although JHJN Resources, LLC and Ridge Resources, LLC are incorporated in West Virginia, that is
>
>   immaterial for LLCs, which are treated differently than corporations and instead have their citizenship determined according to their membership.
>
>   "A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004), 357 F.3d at 829 (quoting Carden v. Arkoma Assocs., 494 U.S. 185, 197, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). According to the Fourth Circuit, a limited liability company is an "unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members" and its citizenship is not determined by it's state of incorporation. Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004).

ECF No. 1 at 4-5.  Notwithstanding their recognition of the foregoing principles, the notice of removal does not identify the names of LLC's members or the states of their citizenship and, therefore, defendants fail to allege sufficient facts to establish complete diversity of citizenship between the parties.

Defendants, who have invoked this court's jurisdiction, bear the burden of proving that the court has subject-matter jurisdiction over this action.  They have not satisfied their burden.

### IV. Conclusion

Because defendants have not carried their burden to demonstrate that there is complete diversity and that no

defendant is a citizen of West Virginia, the court concludes that it lacks jurisdiction over this matter.  Accordingly, plaintiff's motion to remand is hereby **GRANTED.**  The court **REMANDS** this action to the Circuit Court of McDowell County, and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is further directed to send a copy of this Memorandum Opinion to all counsel of record, and to forward a certified copy of the same to the Clerk of the Circuit Court of McDowell County.

It is **SO ORDERED** this 21st day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge