```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**DERRICK ROBERTS,**

      **Plaintiff,**

**v.**                                   **CIVIL ACTION NO. 1:22-00235**

**JON NIX, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Motion for Attorney's Fees following remand. (ECF No. 24). For the reasons set forth below, the motion is **DENIED**.

### I.  Background

This civil action was originally filed in the Circuit Court of McDowell County, West Virginia, on or about July 8, 2021, against defendants Jon Nix, Active Resources, Inc., JHJN Resources, LLC, Ridge Resources, LLC, Gary Corns, and Chris Halouma. The First Amended Complaint was filed on May 13, 2022. This case arises out a series of coal-related business transactions between plaintiff and defendants. Plaintiff asserted claims for fraud (Count I); breach of contract (Count II); Tortious Interference with Contractual Relations (Count III); and Abandonment (Count IV).

Almost a year after the original complaint was filed, defendants removed the case to this court based upon diversity

of citizenship. Defendants contended that only after the First Amended Complaint was filed were they able to determine the amount in controversy exceeded $75,000.00. They also contended that "[t]he parties of this action are citizens of different states, and no defendants are West Virginia residents." ECF No. 1 at 4.

Plaintiff moved to remand the case to state court. He argued that, notwithstanding the allegation in the complaint that defendant Gary Corns "resides in Tennessee," see First Amended Complaint ¶ 6, Corns is actually a resident of West Virginia. According to plaintiff, the forum defendant rule barred removal. In response, defendants argue that plaintiff is stuck with his allegation that Corn is a Tennessee resident and that, in any event, he was fraudulently joined.

Ultimately, the court determined defendants' Notice of Removal did not establish their right to remove. According to the court:

> Plaintiff's allegations, upon which defendants rely, do not provide any information from which the court can determine the citizenship of the parties. As the authorities make clear, residence and citizenship are not the same thing. Nor would it be proper to infer the parties' citizenship based upon their alleged residences especially where, as here, there is a dispute about Corns. Defendants argue that plaintiff is stuck with the allegation he made in his complaint. However, defendants themselves have called the

2

> veracity of that allegation into question as their Answer denies the allegations regarding Corns' residence in plaintiff's complaint.

ECF No. 21 at 6. In so doing, the court did not reach plaintiff's forum defendant argument.

After the case was remanded, plaintiff filed the instant motion in which he seeks costs and expenses, including attorney's fees, in the amount of $15,714.20.

## II. Analysis

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The court looks to the "reasonableness of the removal" to determine whether an award of attorneys' fees is appropriate. Martin v. Franklin Capitol Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The court may take into consideration unusual circumstances that warrant award of attorney's fees, such as "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." Id. There is no presumption in favor of awarding attorney's fees nor against an award of fees under §

3

1447 and the matter is left to the court's discretion.  See id. at 139.

"Although there is no bright line rule as to the definition of 'objectively reasonable,' courts that have applied the Martin standard typically focus upon whether the removing party has offered a credible reason for removal, even if it later becomes clear that the removing party was incorrect on the facts or the law."  Mobile County Bd. of Health v. Sackler, Civil Action No. 1:19-01007-KD-B, 2020 WL 448246, at *2 (S.D. Ala. Jan. 28, 2020).

In this case, the court cannot find that defendants lacked an objectively reasonable basis for removal by relying on the jurisdictional allegations in the amended complaint.  Plaintiff does not dispute that both the original complaint and the amended complaint in this matter alleged that defendant Gary Corns was a resident of Tennessee.  See Batchelder v. CBRE, Inc., Case No. 14-60772-CIV-ROSENBLAUM/HUNT, 2014 WL 12577606, at *6 (S.D. Fla. Apr. 28, 2014) ("Here, though none of the parties dispute that Korst or Krasnow are residents of Florida, the original Complaint failed to allege the citizenship or residence of these two Defendants.  Accordingly, it was not objectively unreasonable for CBRE to remove the Complaint,

4

which, on its face, did not set forth any facts that would destroy complete diversity."); see also Fielden v. Macquarie Office Monument Center 1, LLC, No. 1:12-cv-0288-TAB-SEB, 2013 WL 141082, at *1 (S.D. Ind. Jan. 11, 2013) (declining to award fees and costs under 28 U.S.C. § 1447(c) in case where "Court remanded th[e] case because Defendants struggled to allege the citizenship of the parties despite having numerous opportunities to do so"). Defendants relied on plaintiff's own jurisdictional allegations in filing their notice of removal.  Cf. Wilson v. KIA Motors America, Inc., Case No. EDCV 18-01003 AG (KKx), 2018 WL 6074576, at *1 (C.D. Cal. July 9, 2018) ("The Court concludes that an award of attorney fees wouldn't serve the interest of justice here, where Plaintiffs could have avoided all the proceedings in this Court by simply removing from their complaint language they now describe as 'non-operative' and 'unnecessary.'").  From the record in this case, it appears that plaintiff attempted to get to the bottom of Corns' citizenship only after the notice of removal was filed.  Plaintiff's argument is that Corns knew his own citizenship (which plaintiff alleges is West Virginia) and, therefore, should not have removed despite the jurisdictional allegations in the amended complaint. Ultimately, Corns has never confirmed whether he is a

5

citizen of Tennessee or West Virginia and, given the court reasons for remand, it was unnecessary for the court to make such a determination.  Under the facts and circumstances of this case, defendants' removal was not objectively unreasonable.

For all these reasons, plaintiff's request for attorney's fees is **DENIED**.  The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 29th day of September, 2023.

ENTER:

David A. Faber
Senior United States District Judge